UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CHRIS MURPHY
    Plaintiff,

v.                              CASE NO.: 21-cv-976

AURORA HEALTHCARE LONG TERM
DISABILITY PLAN,

AURORA HEALTH CARE, INC.

    Defendants.

## COMPLAINT

Plaintiff, Chris Murphy, by her attorneys Hawks Quindel, S.C., for her complaint against the above-named Defendants, hereby states as follows:

### PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Kenosha County in Wisconsin.

2. Defendant Aurora Health Care, Inc. ("Aurora") is a non-stock corporation organized under the laws of Wisconsin with a principal place of business in Milwaukee, Wisconsin.

3. Defendant, Aurora Healthcare Long Term Disability Plan ("LTDI Plan") is a welfare benefits plan established and administered by Aurora that provides long-term disability benefits to its participants.

4. The agent for service of legal process for claims arising out of the LTDI Plan is the Vice President of Compensation and Benefits, Aurora Health Care, P.O. Box 343910, 3305 W. Forest Home Avenue, Milwaukee, Wisconsin 53234-3910.

## JURISDICITON & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the LTDI Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) and 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to these claims occurred in this district and, because, in substantial part, the breaches asserted herein took place in this district.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff was employed as a registered nurse by Aurora from 2006 through January 3, 2008 and as a Licensed Practical Nurse at Aurora from 2002 to 2005.

10. During the course of Plaintiff's employment with Aurora, Plaintiff became eligible for certain employee benefits, including the long-term disability insurance ("LTDI") benefits provided by the LTDI Plan.

11. Defendants contracted with Hartford Life and Accident Insurance Company ("Hartford") to serve as the Claims Administrator for claims made under the LTDI Plan.

12. Pursuant to the terms of the LTDI Plan, Aurora is responsible for paying Plaintiff's LTDI benefits.

13. Plaintiff became disabled as defined by the LTDI Plan effective January 3, 2008.

14. Due to her medical conditions – including a herniated nucleus puposus, lumbar degenerative disc disease, lumbar radiculopathy, morbid obesity, and chemotherapy-induced peripheral neuropathy and short-term memory loss, Plaintiff has been unable to engage in any occupation for which she is reasonably fitted by education, training, and/or experience at all times since January 3, 2008.

15. Plaintiff filed a claim for LTDI benefits under the LTDI Plan shortly after January 3, 2008.

16. Defendants paid Plaintiff for 24-months of LTDI benefits pursuant to the LTDI Plan between April 4, 2008 and April 3, 2010 based on Plaintiff's inability to perform the material duties of her regular job.

17. Defendants paid Plaintiff LTDI benefits pursuant to the LTDI Plan between April 4, 2010 and July 7, 2020 based on Plaintiff's inability to work in any occupation for which she was reasonably fitted by education, training, and/or experience.

18. Plaintiff has been determined to be disabled by the Social Security Administration at all times relevant to this matter.

19. Defendants, by and through Hartford, denied Plaintiff's ongoing claim for LTDI benefits under the LTDI Plan effective July 7, 2020.

20. Plaintiff timely appealed Defendant's denial of Plaintiff's benefits claim on December 23, 2020.

21. Plaintiff submitted all information requested by and necessary to continue her claim for LTDI Benefits under the LTDI Plan to Hartford during the course of Plaintiff's appeal.

22. Defendants, by and through Hartford, denied Plaintiff's claim on appeal on April 19, 2021.

23. Defendants, by and through Hartford, failed to consider that the objective medical evidence showed that Plaintiff's conditions further deteriorated shortly before Defendants' denial of benefits on July 7, 2020.

24. Defendants, by and through Hartford, failed to consider the issues raised in Plaintiff's appeal.

25. Defendants, by and through Hartford, ignored clear medical evidence of Plaintiff's medical conditions and disability.

26. Defendants, by and through Hartford, did not perform a full and fair review of Plaintiff's claim.

27. Defendants, by and through Hartford, failed to adequately explain why it rejected, or did not consider, specific evidence in Plaintiff's file.

28. Defendants, by and through Hartford, ignored clear and objective medical evidence of Plaintiff's medical conditions and disability.

29. Defendants, by and through Hartford, failed to engage in a meaningful dialogue with Plaintiff.

30. Defendants, by and through Hartford, failed to adequately explain its reasons for denying Plaintiff's benefits.

31. Defendants, by and through the Hartford, conducted a selective review of Plaintiff's medical records.

32. Defendants, by and through Hartford, failed to adequately assess Plaintiff's employability before determining that Plaintiff is not sufficiently disabled to qualify for benefits.

33. At all times material to this case, Plaintiff has remained disabled as defined by the LTDI Plan.

34. At all times material to this case, the LTDI Plan has remained in full force and effect.

35. Defendant's denial of Plaintiff's claim for LTDI benefits caused Plaintiff to suffer the loss of benefits and to incur expenses, including attorneys' fees and costs incurred in this action.

36. As a result of the foregoing, Defendant's denial of Plaintiff's claim appeal was downright unreasonable as it is unsupported by its own findings regarding Plaintiff's restrictions and limitations and the LTDI Plan's definition of Disability.

# FIRST CAUSE OF ACTION:
# DENIAL OF BENEFITS IN VIOLATION OF
# SECTION 502(a)(1)(B) OF ERISA

37. The preceding paragraphs are reincorporated by reference as though set forth here in full.

38. Plaintiff has been and remains disabled, as that term is defined by the LTDI Plan, at all times since July 7, 2020.

39. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 105 (1989), the proper standard of review is de novo as the LTDI Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

40. Defendants, through the Hartford, wrongfully denied LTDI benefits due to Plaintiff.

41. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants, through Hartford, arbitrarily and capriciously denied Plaintiff benefits.

42. Defendants, through Hartford, interpreted and applied the terms and conditions of the LTDI Plan in a manner that is inconsistent with the plain language contained therein.

43. Upon information and belief, Defendants, through Hartford, inconsistently interpreted the terms and conditions of the LTDI Plan from one case to the next.

44. Defendants' denial of Plaintiff's LTDI benefits was "downright unreasonable."

45. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for LTDI benefits and Plaintiff is entitled to said benefits pursuant to § 502 (a)(1)(B) of ERISA.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant for the following:

A. Payment of all retroactive LTDI benefits owed to Plaintiff under the terms and conditions of the LTDI Plan;

B. A declaration of Plaintiff's continued eligibility for all LTDI benefits under the LTDI Plan and Defendant's obligation to continue administering benefits under the LTDI Plan prospectively;

C. Prejudgment interest;

D. Reasonable attorneys' fees and costs related to the action; and

E. Such other and further relieve that the Court deems just and equitable.

Dated this 18th day of August, 2021.

Respectfully submitted,

**HAWKS QUINDEL S.C.**
Attorneys for Plaintiff

By: *s/ Timothy P. Maynard*
Timothy P. Maynard, SBN 1080953
Gregory P. Stratz, SBN 1107925
Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442

Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email: tmaynard@hq-law.com
gstratz@hq-law.com